IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ELVIN RIOS,                       )
                                  )
             Plaintiff,           )
                                  )
       v.                         )
                                  )      1:23-CV-586
ANTONY J. BLINKEN, in his         )
official capacity as Secretary    )
of the United States Department   )
of State,                         )
                                  )
             Defendant.           )
```

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

Plaintiff Elvin Rios claims his United States passport application was unreasonably delayed and seeks multiple remedies. Before the court is the motion to dismiss for lack of subject matter jurisdiction by Defendant Secretary Antony J. Blinken ("the Secretary"). (Doc. 7.) Rios has responded in opposition (Doc. 9), and the Secretary has replied (Doc. 11). For the reasons set forth below, the motion will be granted.

I. BACKGROUND

The complaint alleges the following:

Elvin Rios was born in Barceloneta, Puerto Rico. (Doc. 1 ¶ 17.) He has tried numerous times to renew his long-expired passport, without success. (Id. ¶ 18.) His most recent attempt was on December 15, 2021, when he applied to receive a new passport on an expedited basis at the United States Passport Office in

1

Atlanta, Georgia. (Id. ¶ 19.) In November 2022, a representative of the office confirmed that Rios's application had expired and that he would have to submit another application. (Id. ¶ 21.) The representative allegedly "would not explain the reason why almost a year had passed and [Rios] had never been informed of the status of his December 2021 passport application." (Id.) Rios has "yet to receive any substantial information from Defendant regarding the reasons why his passport application was not approved and his passport issued." (Id. ¶ 22.) As of the date of the complaint, his "passport application remains unknown and [he] has not received his United States Passport." (Id. ¶ 23.)

In reliance on these allegations, Rios pleads five counts: (1) writ of mandamus; (2) declaratory relief; (3) violation of the Fifth Amendment to the U.S. Constitution; (4) unlawful agency action in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706; and (5) Equal Access to Justice Act ("EAJA"). (Id. ¶¶ 28-64.) Rios seeks a writ of mandamus compelling the Secretary to process his passport application; a declaratory judgment that he is a U.S. citizen; and damages, attorney's fees, and costs. (Id. at 9.)

On February 16, 2024, the Secretary moved to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion has been fully briefed and is ready for resolution.

**II. ANALYSIS**

    **A. Claims 1, 3, and 4**

        **1. Standard of Review**

Article III of the Constitution empowers federal courts to "adjudicate actual, ongoing controversies." Honig v. Doe, 484 U.S. 305, 317 (1988) (citations omitted). When "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," the lawsuit becomes moot. Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (citation omitted); Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) (stating that a case may become moot when the "court no longer has [] effective relief to offer" (internal quotation marks omitted)).

In a factual challenge to subject matter jurisdiction, as argued here, the defendant claims that the "jurisdictional allegations of the complaint [are] not true," and the court may "go beyond the allegations in the complaint" without converting the motion into one for summary judgment. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (internal quotation marks omitted). The plaintiff generally bears the burden of establishing federal jurisdiction. Id.

        **2. Secretary's Motion**

The Secretary argues that Rios's claims under the APA, the All Writs Act, and the Fifth Amendment are moot because the relief sought — i.e., an adjudication of his passport application — has

3

already occurred. (Doc. 8 at 5.) In support, the Secretary filed a certified copy of the letters the Atlanta Passport Agency sent to Rios on December 17, 2021, and June 26, 2023. (Doc. 8-1.) In the December 2021 letter, the agency requested that Rios complete a supplemental questionnaire and submit a combination of personal documents to confirm his identity. (Id. at 4.) The letter states that the application will be denied if the requested information is not sent within ninety days of the date of the letter. (Id.) The June 2023 letter states that the Agency did "not receive[] the requested information," that the evidence in the passport application was insufficient to grant a passport, and that the passport application was therefore denied. (Id. at 6.) The letter states that Rios has the option to reapply. (Id.)

In response, Rios argues that the dispute is "still very much alive" because he "continues to contend that he has a right to a renewal passport." (Doc. 9 at 3.) He concedes, however, that he was told that his application had expired and that it was denied for insufficient proof of identity; he also does not dispute the truth of the contents of the letters filed by the Secretary. (Id. at 2.)

While his APA, mandamus, and Fifth Amendment claims seek the adjudication of his passport application, Rios does not contest that his application has already been adjudicated. (Doc. 1 at 9 (requesting that the Secretary "have his agents process

4

Plaintiff's application for a United States Passport to a conclusion and without delay" (emphasis added); id ¶¶ 3, 4, 31, 49, 55 (alleging unlawful withholding and unreasonable delay with respect to the processing of Rios's application, not with respect to the denial itself).) On this record, which the court can consider under a Rule 12(b)(1) motion, there is no effective relief the court can afford Rios. Ozmint, 716 F.3d at 809. Accordingly, the court lacks subject matter jurisdiction and his first, third, and fifth claims will be dismissed as moot.[1]

**B.  Claim 2**

Rios's second claim seeks declaratory relief under 8 U.S.C. § 1503 and 28 U.S.C. § 2201. Section 1503(a) provides that a person who claims a right or privilege as a national of the United States and is denied such a right or privilege by an agency upon the ground that he is "not a national of the United States" may seek a declaration under 28 U.S.C. § 2201 that the person is, in fact, a United States national. "A suit under section 1503(a) is not one for judicial review of the agency's action. Rather, section 1503(a) authorizes a *de novo* judicial determination of the status of the plaintiff as a United States national." Walker v. Tillerson, No. 1:17-CV-732, 2018 WL 1187599, at *5 (M.D.N.C. Mar.

---

[1] The complaint refers to a request for damages under 28 U.S.C. § 1343, which in turn provides for a suit for damages under 42 U.S.C. § 1985. (Doc. 1 at 9.) This claim is barred because it is raised against the Secretary in his official capacity. Hafer v. Melo, 502 U.S. 21, 30-31 (1991).

5

7, 2018) (quoting <u>Richards v. Sec'y of State</u>, 752 F.2d 1413, 1417 (9th Cir. 1985)), <u>aff'd sub nom.</u> <u>Walker v. Pompeo</u>, 735 F. App'x 69 (4th Cir. 2018).

Here, the Secretary argues that the court lacks subject matter jurisdiction over Rios's section 1503 claim because Rios's passport application was denied due to insufficient evidence to establish his identity, not because he is not a national of the United States. (Doc. 8 at 6-7.) Rios concedes that this is true. (Doc. 9 at 2 ("Since the action was commenced[2] the passport renewal has been denied on the purported ground of insufficient proof of identity.").) Critically, Rios's complaint <u>never</u> alleges that his passport was denied because the Passport Agency concluded that he is not a national of the United States. (Doc. 1 ¶ 22 (alleging that he has "yet to receive any substantial information from Defendant regarding the reasons why his passport application was not approved" but not alleging any reasons why).)

It is not clear that it is a jurisdictional pre-requisite to allege that a right or privilege was denied on the ground that the plaintiff is "not a national of the United States." <u>See</u> <u>Alonso v. Kerry</u>, No. 1:16-CV-0199, 2017 WL 519280, at *3-4 (S.D. Tex. Feb. 7, 2017) (treating requirement as jurisdictional without discussion); <u>see</u> <u>Boechler, P.C. v. Comm'r of Internal Revenue</u>, 596

---

[2] Contrary to this assertion, the denial letter pre-dates the filing of the lawsuit.

U.S. 199, 200 (2022) ("A requirement does not become jurisdictional simply because it is placed in a section of a statute that also contains jurisdictional provisions." (internal quotation marks omitted)); Arbaugh v. Y&H Corp., 546 U.S. 500, 515-16 (2006) (stating that limitation on the scope of a statute is jurisdictional if Congress "clearly states" that it is so).

In any event, Rios's lack of allegation that his passport was denied on the ground that he is not a national of the United States, and his concession that the application was instead denied on the ground of insufficient evidence of identity, render his section 1503 claim implausible, if not jurisdictionally defective. See Robertson v. Anderson Mill Elementary Sch., 989 F.3d 282, 290-91 (4th Cir. 2021) (stating that no formal Rule 12(b)(6) motion is required to dismiss an inadequate complaint for failure to state a claim if the procedure employed is "fair to the parties"); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. Oct. 2020 update) ("Even if a party does not make a formal motion under Rule 12(b)(6), the district court judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim[.]"); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (requiring that the court assessing a Rule 12(b)(6) motion to accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-moving party's favor). The

7

court in Robertson suggested that fair procedures include "notice and an opportunity to amend the complaint or otherwise respond." Robertson, 989 F.3d at 290-91 (internal quotation marks and citation omitted). Rios has had months to properly seek leave to amend the complaint and, as discussed below, he has not done so. Moreover, he had an opportunity here to respond to the Secretary's argument that proof of identity, not nationality, was the ground for the denial of his passport. In response, Rios conceded the point. (Doc. 9 at 2.) Accordingly, the issue has been fairly addressed by the parties. Rios's second claim will therefore be dismissed.[3]

### C. Claim 5

Rios's fifth claim for relief is for attorney's fees and costs under the EAJA. The EAJA does not confer an independent right of action. This claim will therefore be dismissed as well.

### D. Request for Leave to Amend

In Rios's response, he requests leave to amend the complaint to "set forth the facts concerning the denial for lack of proof of identity." (Doc. 9 at 4-5.) Under Local Rule 15.1, a party is required to attach the proposed amended complaint in order to seek

---

[3] To be clear, the court concludes that Rios's second claim should be dismissed without reference to the letters filed by the Secretary, which are outside the complaint. Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 511 (4th Cir. 2015) (remanding non-jurisdictional dismissal because court improperly took judicial notice of facts outside the complaint and fact questions remained).

8

leave to amend. Rios has not done so. See Cozzarelli v. Inspire Pharm. Inc., 549 F.3d 618, 630–31 (4th Cir. 2008) (affirming denial of leave to amend complaint where plaintiff did not file a motion or proposed amended complaint, but rather requested leave in a brief). The purpose of this rule is to avoid having cases thrust into limbo on such generalized requests that may later prove unsupported. Robinson v. Pepsi Bottling Grp., No. 1:13CV729, 2014 WL 2048127, at *4 (M.D.N.C. May 19, 2014). It is within the discretion of a district court to deny a motion for leave to amend where the moving party fails to comply with Local Rule 15.1. See U.S. ex rel. Rostholder v. Omnicare, Inc., 745 F.3d 694, 703 (4th Cir. 2014). Accordingly, his request is denied.

## III. CONCLUSION

For the reasons stated, therefore,

IT IS ORDERED that the Secretary's motion to dismiss (Doc. 7) is GRANTED and Rios's complaint is DISMISSED WITHOUT PREJUDICE.

/s/ Thomas D. Schroeder
United States District Judge

May 17, 2024